IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 19, 2002 Session

## CONNIE PUGH v. POPLAR EAST APARTMENTS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 86238 T.D.     Kay S. Robilio, Judge**

**No. W2001-02050-COA-R3-CV - Filed October 31, 2002**

This case involves allegations of unlawful ouster. The trial court awarded summary judgment to the defendant landlord. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Mark Allen, Memphis, Tennessee, for the appellant, Connie Pugh.

Douglas A. McTyier, Memphis, Tennessee, for the appellees, Poplar East Apartments and H. M. Heckle Management Company.

**OPINION**

Ms. Connie Pugh entered into a lease agreement with Poplar East Apartments ("Poplar East") for a term beginning April 1, 1994, and ending March 31, 1995. At the end of the term, the lease automatically renewed for thirty (30) day periods. The lease was terminable with thirty (30) days written notice, however, "any 30 day notice to terminate . . . extensions [was] effective only from the next rental payment due date." Rent was due on the first of the month, and a ten percent (10%) late charge applied to payments made five (5) days after the first.

Poplar East filed a detainer warrant in Shelby County General Sessions Court against Ms. Pugh on May 5,1995, alleging she was delinquent for May's rent. A detainer warrant was served on Ms. Pugh on May 10. The warrant set a hearing date of May 23, which was continued to June 6. Ms. Pugh attended the June 6 hearing without counsel. The general sessions court awarded judgment to Poplar East for the May and June rent in the amount of $1,070, court costs, and possession. It is undisputed that, in the meantime, Ms. Pugh had tendered rent for May and June by placing money orders in the leasing office drop on May 5 and June 3, respectively. Poplar East

asserts that it did not negotiate the money orders, and that they were submitted to the general sessions judge and marked as accepted "with reservation." Ms. Pugh contends that the rental payments were in fact accepted.

Ms. Pugh retained counsel to appeal the judgment, filing an appeal bond on June 14 in the amount of $250 with the general sessions court. On June 19, a writ of possession was issued by the clerk of the general sessions court, and counsel for Poplar East advised Ms. Pugh by letter that "[f]unds [she] recently [had] paid [would] be accepted with reservation to proceed to possession." The letter further advised Ms. Pugh that she "should vacate immediately or face eviction." The writ of possession was executed on June 30, and Ms. Pugh and her minor child were evicted from their apartment at Poplar East. Their possessions were placed outside in the rain and were consequentially damaged.

In March of 1997, Ms. Pugh filed a complaint against Poplar East in circuit court, alleging unlawful ouster under Tenn. Code. Ann. § 66-28-504, the applicable section of the Uniform Residential Landlord and Tenant Act ("URTLA"). In her complaint, Ms. Pugh alleged that Poplar East breached the lease and unlawfully ousted her after accepting her May and June rents. Poplar East moved for summary judgment in September of 2000. In its motion Poplar East asserted: (1) that pursuant to Tenn. Code Ann. § 29-18-130(b)(2), the appeal bond posted by Ms. Pugh was insufficient to forestall execution of the writ of possession and (2) any payments tendered by Ms. Pugh were accepted under full reservations of rights in accordance with the lease contract and Tenn. Code Ann. § 66-28-508. The circuit court awarded summary judgment to Poplar East in August of 2001, and Ms. Pugh filed a timely notice of appeal to this Court.

### *Issues*

The issues before this Court, as submitted by Ms. Pugh, are:

(1)     Whether a triable issue of fact exists that Appellee's (Landlord) [accepted] the Appellant's (Tenant's) rental payments and re-established the relationship of Landlord and Tenant precluding the entry of summary judgment for the Appellees (Landlords).

(2)     In a wrongful eviction under Tenn. Code Ann. § 66-28-504, was Appellee's (Landlord's) post-judgment notice of acceptance of rental payments with reservation sufficient to justify the eviction of Appellant (Tenant) where the Appellant (Tenant) had paid rent through the end of the term?

We believe the issue is more correctly stated as whether the trial court correctly determined that there were no genuine issues of material fact relevant to the question of whether Poplar East unlawfully ousted Ms. Pugh pursuant to the Uniform Residential Landlord and Tenant Act as codified at Tenn. Code Ann. § 66-28-101, *et seq*., and that Poplar East was entitled to a judgment as a matter of law.

### Standard of Review

This is an appeal from an award of summary judgment. Our review of an award of summary judgment is *de novo*, with no presumption of correctness accorded to the judgment of the trial court. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment is appropriate where there is no genuine issue regarding material facts relevant to a claim, and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. In determining whether to award summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in favor of the nonmoving party. ***Staples v. CBL & Assocs.***, 15 S.W.3d 83, 89 (Tenn. 2000). When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. ***Id.*** Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. ***Id.***

### Analysis

The dispositive issue in this case, as we perceive it, is whether Poplar East unlawfully ousted Ms. Pugh from her apartment on June 30. The URLTA provides:

> If the landlord unlawfully removes or excludes the tenant from the premises or willfully diminishes service to the tenant . . . the tenant may recover possession or terminate the rental agreement and, in either case, recover actual damage sustained by the tenant, and punitive damages when appropriate, plus a reasonable attorney's fee. If the rental agreement is terminated under this section, the landlord shall return all prepaid rent and security deposits.

Tenn. Code Ann. § 66-28-504 (1993). The act further provides:

> If the landlord accepts rent without reservation and with knowledge of the tenant default, the landlord by such acceptance condones the default and thereby waives such landlord's right and is estopped from terminating the rental agreement as to that breach.

Tenn. Code Ann. § 66-28-508 (1993).

It is undisputed that when Poplar East evicted Ms. Pugh, it did so pursuant to a writ of possession issued in general sessions court. Moreover, it is undisputed that the appeal bond filed

by Ms. Pugh in the amount of $250 was insufficient to forestall execution of the writ of possession.[1] Therefore, the writ of execution was lawfully executed.

On appeal, Ms. Pugh submits summary judgment, on the issue of whether Poplar East violated the URLTA, was not appropriate because there is a genuine issue of material fact regarding whether Poplar East accepted Ms. Pugh's May and June payments without reservation. Her argument is predicated upon an assertion that Poplar East accepted the rental payments, and that the unlawful detainer action and resultant writ of execution were therefore invalid. In her response to Poplar East's motion for summary judgment, Ms. Pugh states, "[t]his case is not an action on appeal of a judgment from the General Sessions Court." She further asserts, "the decision of the General Sessions Court was ineffective to grant Defendants the right to possession." We disagree.

As far as we can determine from the record before us, the general sessions court judgment was not appealed, notwithstanding the filing of the bond on June 14, 1995. Thus the June 30 eviction was lawful pursuant to the writ of possession. Ms. Pugh does not dispute that the money orders for the May and June rent payments were submitted to the general sessions court, thereby indicating that they had not been negotiated as of June 6. The general sessions court had opportunity to examine the money orders, and to determine that they had been accepted only with reservation. The issues of whether the money orders had been accepted and whether the writ of possession was valid would have been properly reviewed as an appeal from the order of the general sessions court. This judgment was not appealed by Ms. Pugh, and therefore is not properly reviewable by this Court.

In light of the foregoing, we affirm the award of summary judgment to Poplar East. Costs of this appeal are taxed to the appellant, Connie Pugh, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[1]Tenn. Code Ann. § 29-18-130 provides, in pertinent part:

**Immediate execution of writ of possession – Bond pending appeal** . . . .

(b)(2) In cases where the action has been brought by a landlord to recover possession of leased premises from a tenant on the grounds that the tenant has breached the contract by failing to pay the rent, and a judgment has been entered against the tenant . . . . if the defendant prays an appeal, the defendant shall execute bond, or post either a cash deposit or irrevocable letter of credit from a regulated financial institution, or provide two (2) good personal sureties with good and sufficient security in the amount of one (1) year's rent of the premises, conditioned to pay all costs and damages accruing from the failure of the appeal, including rent and interest on the judgment as provided for herein, and to abide by and perform whatever judgment may be rendered by the appellate court in the final hearing of the cause.

Tenn. Code Ann. § 29-18-130 (2000).